versus Schubert, trustee Good morning judges. Judge, I would like to reserve three minutes for rebuttal if that's okay with the court. Judge, my name is Paul Mashmeyer. I'm of the Schubert, who is the trustee of this matter. This started originally in a bankruptcy court and has worked its way up to you through the district court. Judge, this case involves what we believe is the fact that the court erred when they allowed a resulting trust to be determined to exist for a woman named Carolyn Stewart. Your Honor, basically the background of this case briefly is that Ms. ownership of her home to her son by a general warranty deed. According to the record, it was done for estate planning purposes, specifically to get out of paying inheritance tax. In 2003, the debtor transferred 50% to her sister. So at that time, it was owned by the debtor and his sister. He then subsequently filed bankruptcy. Your Honor, the trustee moved to sell the property in bankruptcy and the debtor, along with Ms. Stewart, came into court and said, you don't own the property. All you have is legal title. There was no intent to transfer any beneficial interest. Your Honor, our position is that the holding of the bankruptcy court out of the district court was incorrect because... I'm sorry, go ahead. Why don't you finish that part? I was just going to say because they did not show the sufficient evidence necessary to show a resulting trust. Well, what, what, tell us about Mrs. Stewart. What was her intent and what, in fact, were the facts after she made the initial transfer? Your Honor, the facts were that she, and it's in the record, the facts were that she needed to do some inheritance planning. Allegedly, she talked to her girlfriends. That we understand, but is it maintain on it? She did live in the house after the transfer occurred. That's correct. She paid taxes, she paid... Her son paid the taxes. Did she pay anything? Your Honor, yes, if I, and I'll try to correct the record. Your Honor, she did pay the expenses of the house, and to be fair, I do believe she actually did pay the taxes. The son, however, Your Honor, did take the tax deduction on his tax return showing ownership. See, the important thing that I look upon this case is this, Judge. When they transferred the house in 2002, her goal was not to maintain a beneficial interest. Her goal was to get out of paying inheritance tax, and under the inheritance... Why are they mutually exclusive? Yeah. I'm sorry. Why are they mutually exclusive? Because, Judge, if you're going to transfer property to someone for the purpose of getting out of inheritance tax, it has to be an absolute transfer. It's in our reply brief. So you can't... But that's, but that's a tax issue. That's a problem you have with the IRS. But, but, Your Honor, they're asking for equitable remedies. Well, it's actually for the state more than the IRS. For the state, yes. But, Judge, you can't... But, but the intent, though, was, and you have to look, as I look at it, the intent was when she transferred it. Not, you know, you don't come fast forward when some event that was unanticipated come up and change your mind as to what you really meant. When she did this, her intent was to transfer ownership of that property to get out of paying inheritance tax. Is there anything wrong with that? I mean, there's a whole group of lawyers who exist to work out the provisions so that their clients will pay less, if any, estate taxes. The way you say it, it's a pejorative. Is it? Oh, I'm not saying, Judge, I'm not saying there's anything wrong with doing it. Actually, what's ironic in this case is she went to her local politician to get the advice to do this. That's what they exist for in some communities. There's nothing wrong with, with inheritance planning, so to speak. But if you do it, you have to go by the rules to do it. But didn't, I'm sorry. And I'm saying the problem is you can't have it both ways. You can't say, this is what I want to do, and that's fine, Judge, I agree. There's a lot of lawyers or whatever that plan that. But then when something unanticipated comes up down the line, say, oh, wow, I didn't really intend to do it. And that's what she did here. It's, it's as if, Judge, you sign an agreement with an idea, with expectations what's going to happen. And then later on down the line, they don't pan out. You don't claim the agreement's wrong. It's just the expectations didn't happen. Didn't she thereafter, though, decide, oh, I should have also included my daughter as one of the beneficiaries. And her son then, because of that, prepared a deed that would share it with the daughter. So she continued, so her intent was, wasn't her intent manifested by her discussion with her son, who then took certain actions. Your Honor, I don't, she said later on, I would like my daughter to also own this, and her son did transfer it to the daughter. I agree with that. But I don't know that that shows an intent for her to maintain an ownership interest. You know, when she signed a deed, Your Honor, she signed a warranty deed that gave absolute title to the son. The son takes the tax deductions. Her intent was to transfer it to the son. You know, the fact that the son later filed bankruptcy, which created a problem with the ownership, doesn't take away from the fact that she gave up the ownership at that time. Tell us about the Pennsylvania law on resulting trust, and whether that applies here. Well, Your Honor, I'll say this much. There's basically three types of resulting trust, basically, that happen. One occurs when there is an express trust that goes bad. Another happens when there is an express trust in which there is property left over in the trust after the beneficiaries are paid. The last one, Your Honor, which is the one you see most of the time, and I know Judge Frank did a long dissertation on this in his opinion, is dealing with purchase money resulting trust. They're resulting trust in which I were to give a straw party money to buy a piece of real estate, and then later on, that straw party refuses to give it to me. This is a little unique, Your Honor, in what this type of resulting trust is trying to achieve. This is one where it's an after-effect transfer. To us, we believe, Your Honor, the record does not show any evidence of any express trust that went bad. There was no real evidence of any of that. And they're attempting to now manipulate and use a resulting trust for the purpose of getting around what was an unanticipated event that occurred after the absolute transfer. What about the Galford case? Your Honor, the Galford case was an express trust that went bad. That's what the court held. I don't believe that we have that here. And as for the other cases that the appellant has mentioned in his brief, Your Honor, they're either purchase money, purchase money type cases where there's a straw party, or most importantly, I believe the other three cases, deal with situations where there was a manifest intent to maintain beneficial interest because the grant poor kept their name on the deed. It would be like, you know, I own my property, it's my wife, and then I decided to give it to my kids, and I add them to the deed. We didn't have that here, Judge. And, you know, to use an equitable remedy later on to try to cover a mistake or something that you did at the beginning is just not correct. We just do not believe that she showed the evidence necessary. Your Honor. Excuse me. As I understand it, there was a factual finding that Caroline Stewart never intended to transfer a beneficial interest. Correct. That's the bankruptcy court didn't make that decision. Okay. So in order for you to prevail, we have to find that was a clearly erroneous factual finding. Correct? Your Honor, the evidence that was shown, all of it. I'm sorry, Judge. You can come back. And the second thing is they found that they could, that there was ambiguity in the deed. You think that there is not. I'll start with the deed, and I'll work my way back. As far as I'm concerned, there's no ambiguity in the deed, Judge. I'm perplexed at how anyone can determine that at this time. The deed itself, all four corners of the deed state it was an absolute transfer of the property to the son. Do you think you should win if there's no ambiguity? Yes, Judge. And the point is, again, the intent that I think the court should look at is the intent on when the transfer was made. Not what they're making up now after the fact to try to undo what was done. You indicated, Judge, Frank had made findings of fact. That's correct, Judge. We believe they were clearly erroneous. The findings of fact were based just on the fact that she was living there and she paid some of the expenses. That's pretty much it. Some or all. Does it make any difference? I'm trying to think, Judge. I believe the evidence showed that she paid all the expenses for the house. I can't. I'm not going to go back on the record. You talked about ambiguity. In the deed. That's correct. In the deed, the bankruptcy court relied on Galford. Was there any ambiguity in the deed in Galford? I don't remember seeing that. No, Judge. In either of the opinions. No, Judge, but there was a finding of fact in Galford that it was an expressed trust. There was oral and written testimony and, I guess, evidence that an expressed trust was intended. We don't have that here. There was never any evidence when she transferred the deed there was any expressed trust. You said, in answer to Judge Sirica, you said there were two things and you talked about one. I think Judge Sirica talked about the ambiguity of the deed and then also the clearly erroneous findings of the judge. I think I tried to answer the best I could. I think you did. Thank you. So, Judge, in conclusion, and I'll wrap up here, we don't believe, number one, we believe the court was clearly erroneous in determining that there was a beneficial interest intent. If you look at the evidence and see at the time the transfer was made, the intent was to transfer full ownership because that's the only way you could do it if you wanted to get out of paying inheritance taxes. The attempt by the debtor to use a resulting trust to undo that is basically, I believe, almost a buyer's remorse at this point. So, Judge, that's it for me. Thank you. Thank you, Mr. Mashbaier. Mr. Braverman. Good morning, Your Honors. Good morning. Robert Braverman appearing on behalf of John S. Stewart, Jr., the appellee. I think the court touched briefly on the facts. I think the facts are significant. Primarily, they were uncontested at the trial. Caroline Stewart acquired this property in 1951, has lived there ever since. Her husband had passed away. She now lives there by herself, pays all expenses, taxes, repairs, everything else for the property. Some girlfriends of hers a few years ago discussed the idea of, you know, for estate planning purposes that this property should be transferred. So she called her state representative, prepared a deed, stated consideration was $1. Property was transferred to her son. A few months later, she says, I should have added my daughter. So she actually called her state representative, had the deed prepared, and then told her son, sign this deed transferring half of the interest to your sister. Were those deeds ambiguous as to the nature of the interest to be conveyed? Well, the stated consideration was $1, as the district court indicated, that that alone is sufficient to make the deeds ambiguous. And the court also cites the Jacobs case, which indicates that under Pennsylvania law, it's the court that determines whether there is an ambiguity in a contractual situation. Beyond that, you know, so it would appear that there is an ambiguity in the deed. And then the second deed, same thing, $1. And then beyond that, with a resulting trust, the statute of frauds does not apply to a resulting trust, which would also allow the court to look beyond the terms of the deed. And if you look at the many circumstances here, the continued ownership, the continued control, the statements, some courts have indicated that in order to determine intent, you look at the intent by the testimony alone. And that was basically uncontested, that both the mother and son said, she keeps the property. Would you agree that from the facts that the bankruptcy court could have concluded that there was evidence that would have supported this transfer for inheritance tax purposes, and also that there was just as equally strong evidence to conclude that this transfer was intended to allow Mrs. Stewart to retain a beneficial interest? Can you win if the court could have concluded on an equally strong basis either of those alternatives? I don't see how the court could. That wasn't my question, though. Can you win if the court had done that and said there were two equally strong findings that I could make here? Well, if the court had indicated that, and the standard here is clearly erroneous, and the court decided to go the way it did, then I don't think that the decision could be overturned because either side could be supportive. But beyond that, I think that the court felt that, in fact, the facts were overwhelming as to the actual intent. Is there any Pennsylvania authority to support the statement that you made, the district court made, that if the consideration listed is $1, that's automatically an ambiguity? There was none that I found specifically finding that $1 was a sufficient ambiguity. But the district court so stated. You told us the district court so stated. The district court said, in fact, the district court used, I don't remember, ludicrous or ridiculous or some comment saying that the fact that the deed stated $1, that alone was sufficient to make it ambiguous. But again, beyond that, because we're talking about a resulting trust, it's at 1,8 in page 8 on the district court's opinion, that the circumstances of both deeds creates ambiguity and that it's appropriate to consider extrinsic evidence. And then again, beyond that, with a resulting trust, statute of frauds doesn't apply. And the cases that were cited, that are state cases like Alford and Guyer and Foley, I think the similarity is significant between each of those cases where property was transferred, the intent was to retain beneficial interest. And the court in each of those cases, Pennsylvania cases, recognized that a resulting trust was appropriate to be found there. Do we have to find that there is ambiguity in the deeds in order for you to win? I do not believe that would be the case because it's two separate issues. One is, is there an ambiguity in the deed? And I believe the answer is yes to that. And therefore, the court looks at the circumstances surrounding that. Beyond that, because of the fact that the statute of frauds does not apply in a resulting trust, the court is free to consider surrounding circumstances. It's just like, excuse me, the argument is made that the trustee, that even if there is a resulting trust, and in fact, on page 23 of the trustee's brief, they concede that a resulting trust arises from the character of the transaction, which permits an inference that the parties intended that the transferee not have the beneficial interest in the property conveyed rather than from a declaration of intention. So it's conceded in the trustee's brief the existence of a resulting trust and it can be established by facts. There's other circumstances where, again, you look beyond the circumstances. One of the arguments the trustee makes is that even if there is a resulting trust, the trustee has the power of a bona fide purchaser and therefore can void the resulting trust. That argument ignored significant case law both in, I believe, the Ninth Circuit as well as the Third Circuit, which says that constructive notice, a bona fide purchaser is subject to constructive notice. In constructive notice, the court looks to see who's in possession, the relationship between the person in possession and the person trying to make the transfer. And these various factors, again, looking beyond the documentation to determine, you know, what the relevant facts are for those circumstances. Would this case be different if it were the son arguing that he had full title to the property? In other words, assume no bankruptcy or anything like that. And he now comes in and says, I have the property and you get out, which has happened. And they lost in the Galford case, I believe it was. Galford or Foley, I apologize. But it was that circumstance where the father and mother had transferred the property to their son. The mother died. The father, the daughter decided to take care of the father. The father said, I want to take the property back from you and give it to my daughter because she's going to take care of me. And the son refused. And in that circumstance, the court said, no, there was no intent to transfer the beneficial interest. And as a result, the court allowed, the court found the resulting trust and that the father, in fact, maintained the beneficial interest and allowed him to make that transfer. And that's very similar to our circumstances. And again, in this case, it's the son that, you know, would lose in that circumstance. And again, just to touch upon the constructive notice issue, that's the sale good guarantee corporation case, which talks about the language, what's necessary for constructive notice. So as the trustee indicates, even if there is a resulting trust, he can avoid it. And clearly, I mean, if you look at the current use of the property, the identity of the person in possession and the relationship, all those put clear constructive notice that a bona fide purchaser would take subject to constructive notice and would not be able to overturn that. On the tax return issue, the testimony of the debtor was that for one tax year, the property was, he had legal title. His mom wasn't filing a tax return. He testified that he asked his accountant, and his accountant indicated that he could claim that. And he did that, he did do that for one year. And so, you know, it would appear from all of the testimony that if you look at all the factors that she maintained the beneficial interest, and then that one item, it just seems that the evidence is overwhelming that, in fact, she maintained the beneficial interest. The argument regarding the inheritance tax, it appeared that Your Honors had viewed it, or at least questioned it the way I view it, which is that may have been one of her purposes. She clearly did not achieve it. If this was a tax court, I'm afraid I would have a problem supporting that argument. The Chadrow case cited by the trustee specifically acknowledges that for a valid inter vivos gift, they must give up dominion and control. She gave up neither. I mean, she continued to live there, pay all expenses, and she continued to have control. After she deeded it, she had a new deed created, told her son to sign it, and he signed it. So I'm not a tax attorney, but I would suspect that she would have a problem in a tax court. But that's not the issue before this court. You mean the representative didn't give good tax advice? Excuse me? The state representative. Yeah, well, I'm not sure if it was the state representative or her girlfriends that gave her. The moral of the story is the girlfriend's got to learn that you might avoid inheritance tax, but you run the risk of bankruptcy or a lawsuit, right? The moral of the story is hire a lawyer. That's true. And the problems with the trustee's position is further exposed, I believe, by the fact that two years before the debtor filed bankruptcy, at the request of his mother, he signed a deed transferring the property to his sister. Under normal circumstances. Half of the property. Half of the property. Under normal circumstances, a trustee would be all over that as a violation of as a fraudulent conveyance because there was no consideration. But were the trustee to make that argument here, it exposes the fact that the debtor himself received it for no consideration. So instead, the trustee argues that by transferring half of the property, he now owns it as a tenant in common, and therefore under 363, he can sell the property because they own it as tenants in common. So to sum up, I think the judge not only was not clearly erroneous, I think the findings of fact, the evidence clearly supported the judge's finding as to the fact that the mother, Caroline Stewart, maintained the beneficial ownership of the property. The, and I believe that the district court was correct in affirming that, and I ask that the lower court and district court opinions be affirmed. Good. Thank you very much. Thank you, Your Honor. Mr. Mashman. Thank you, Judge, for allowing this rebuttal. Your Honor, I'll start backwards. First, the argument about the fraudulent conveyance. We could sit here and speculate why a trustee does or does not do something, but one of the primary concerns of a trustee is not to waste estate funds and lawsuits that don't mean anything. The half ownership of the property would have been more than sufficient if the property had been sold to pay the creditors, which is the reason why no fraudulent conveyance action was determined at that time. Your Honor, the Galford case we've talked again, that dealt with a failed express trust. There was sufficient evidence to determine that. We don't have that in this case. There was not enough evidence. There was no indication there was ever a failed express trust here. This to me, again, and I said it again, is a buyer's remorse case where she did the transfer, and then later on when things didn't turn out exactly the way she wants, she's backtracking on what her intent was. Your Honor, as far as we're concerned, there is no ambiguity in the deed itself. The deed itself stands. Your Honor, you talked about case law and whether there's Pennsylvania cases. I know that we found cases, but we did cite in the end of our reply brief, I guess, a treatise on that that did deal with that issue, that the fact that there's small consideration does not create an ambiguity in the deed. It's also important, Judge, for the burden of proof that was necessary to prove the resulting trust because not only does that have to show by clear, and if I don't get this completely right, it's clear, cogent evidence, it also has to be taken in an account that you give all benefits of the doubt, so to speak, to any deed or any written document that had been issued, which comes to the question on whether or not the deed was ambiguous. And the fact that it was not, I think, creates a much harder burden on the debtor of Mrs. Carolyn Stewart here, which I don't believe that she's met. And again, Your Honor, in a court of equity to come in here and ask for resulting trust when the whole goal of this was to do whatever was legally necessary to get out of an inherited tax question, and then when it goes bad to come in here and say, well, that's not really what I intended. It just seems inequitable. If you wanted to get out of that and you did it up front, the transfer was done. I just don't think you can come in here later and try to undo that because you didn't like the result that happened. Judge, that's it for me. Any questions? The case was very well argued by both sides. Thank you, Judge. We will take this matter under advisement. Thank you.